IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIZABETH HARRIS, ) | |
| No. 32722-044, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 14-CV-00306-DRH |
| ) | |
| JAMES N. CROSS, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Elizabeth Harris is in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Greenville, Illinois. Before the court is Harris's Petition for Writ of Habeas Corpus (Doc. 1). Harris takes issue with the BOP's denial of her request for approval of her early, compassionate release under 18 U.S.C. § 3582(c)(1)(A). She requests that the court grant her compassionate release. The petition indicates that Harris exhausted administrative remedies before filing this action.

This case is now before the court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this court the authority to apply the rules to other habeas corpus cases.

## I. Discussion

Harris is 71 years old and is serving a 130-month sentence for conspiracy to distribute and possess methamphetamine. *United States of America v. Harris*, No. 06-cr-00008-HEA-2 (E.D. Mo. July 20, 2006). According to the BOP, Harris's projected release date (including good conduct credits) is June 17, 2015 (Doc. 1, p. 19). Harris seeks early release due to her age, which is a basis for so-called "compassionate release."

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the sentencing court (in this situation the Eastern District of Missouri), upon motion of the Director of the BOP "may reduce the term of imprisonment" for (i) "extraordinary and compelling reasons;" or:

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)[.]

According to BOP Program Statement 5050.49 (Aug. 12, 2013) regarding implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), in situations not involving medical circumstances, release will be considered for "[i]nmates age 65

or older who have served the greater of 10 years or 75% of the term of imprisonment to which the inmate was sentenced."
www.bop.gov/policy/progstat/5050_49.pdf (last accessed March 7, 2014).

Harris initially sought compassionate release from the BOP in September 2013, citing her age and mentioning that she has congestive heart failure, arthritis, high cholesterol, hypertension, and is nearly blind in her left eye. Plaintiff also asserted that she had completed 75% of her sentence. She further explained that she would be the primary caregiver for her mother, who is 95 years old. *See* Doc. 1, p. 21. The request was denied; petitioner's medical ailments were addressed and found not sufficiently debilitating to qualify her for release (Doc. 1, p. 17). Harris clarified that she was not seeking release based on her medical ailments; rather, she was relying solely upon her advanced age (Doc. 1, p. 16). Harris's request was again denied, based on her not having completed 75% of her sentence (Doc. 1, p. 15). Harris subsequently conceded that she had not completed 75% of her sentence, but continued to press for consideration so that the early release process could be concluded by the time she had completed 75% of her sentence (Doc. 1, p. 13). The BOP adhered to its position that until Harris had actually completed 75% of her sentence she did not qualify for release (Doc. 1, p. 12).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Graham v. Broglin*, 922 F.2d 379,380-

81 (7th Cir. 1991). Therefore, the court has subject matter jurisdiction. This is so, even if this court cannot grant compassionate release. *See Glaus v. Anderson*, 408 F.3d 382, 387-89 (7th Cir. 2005) (if a prisoner seeks a "quantum change in the level of custody," such as release from prison, then a habeas petition is the appropriate vehicle; however, if release is actually unavailable, then a civil rights action is appropriate and the habeas petition must be dismissed on its merits, albeit without prejudice to a civil rights action).

In Harris's situation, compassionate release is unavailable at this juncture and from this court. Congress has given the *sentencing* court authority over the actual release decision. *See* 18 U.S.C. § 3582(c). Because this district court cannot grant Harris the relief sought—release—her habeas petition must be dismissed. *See Glaus*, 408 F.3d at 389 ("[T]he Court is unable to provide the relief sought. Accordingly, this habeas corpus action is dismissed without prejudice.").

Another related reason this habeas petition fails is that, Harris cannot *necessarily* secure immediate or speedier release. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005) (discussing *Wolff v. McDonnell*, 418 U.S. 539 (1974)). It appears that Harris has put the proverbial cart before the horse. Before the sentencing court can consider compassionate release, the BOP must make the motion for release, after approving the prisoner's application. *Id.*[1] This is the point Harris is

---

[1] That is why when petitioner Harris initially filed her Section 2241 petition in the Eastern District of Missouri, that court transferred the petition to the Southern District of Illinois. The proper venue for a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is the district

at in the process of securing a compassionate release. The BOP would still have to move the sentencing court for compassionate release, which is a discretionary matter. *See Wilkinson*, 544 U.S. at 82 (a claim that does not necessarily spell speedier release does not lie in habeas corpus; and a claim for future relief (such as Harris's), which if successful, will not necessarily spell speedier release is even farther from the core of habeas corpus, and is instead actionable in civil rights).

For these reasons, this Section 2241 habeas corpus petition will be dismissed. This court is not making a decision on the ultimate merits of Harris's claims; rather, any challenge to the BOP's decision must be brought in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

## II. Disposition

**IT IS THEREFORE ORDERED** that Elizabeth Harris's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**, without prejudice to a civil rights action.

Harris is **ADVISED** that if this claim is brought as a civil rights case, it will be subject to the provisions of the Prison Litigation Reform Act (PLRA), Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, petitioner will be responsible for paying a much

---

in which the prisoner is confined. *See* 28 U.S.C. § 2241(a); *United States v. Wyatt*, 672 F.3d 519, 522 (7th Cir. 2012).

higher filing fee of $400.00.[2] The obligation to pay this fee is incurred when the lawsuit is filed, and the PLRA requires a prisoner to pay the fee in full. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Finally, petitioner could be assessed a "strike" if the court determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, she may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, she will be required to pay a portion of the $505.00 appellate filing fee in order to pursue her appeal (the amount to be determined based on her prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability

---

[2] A litigant who is granted leave to proceed in forma pauperis (IFP) in a civil rights action must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. If IFP status is granted, a prisoner must pay the fee in installments.

from the dismissal of this Section 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Signed this 14th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.14 11:48:52 -05'00'

**Chief Judge
United States District Court**